(No. 15712.—Judgment affirmed.)

CHARLOTTE C. LARKIN *et al.* Plaintiffs in Error, *vs.* MILLIE C. WILEY *et al.* Defendants in Error.

*Opinion filed April 14, 1924—Rehearing denied June 5, 1924.*

WILLS—*when order denying motion to vacate order dismissing bill must be affirmed.* An order denying a motion to set aside an order dismissing, for want of prosecution, a bill to contest a will, will be affirmed by the Supreme Court where it appears to be justified by the facts and where the only person objecting in the circuit court to such dismissal is an alleged agent of the complainants; and the fact that the complainants are represented in the Supreme Court by competent attorneys does not change the record in the trial court nor justify a reversal.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

VANNATTA, KING & HANA, for plaintiffs in error.

S. F. MCGRATH, and J. E. DAILY, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review an order of the circuit court of Peoria county denying a motion to set aside an order dismissing, for want of prosecution, the bill of plaintiffs in error filed to contest the will of John E. Wiley, deceased.

The complainants in the bill are collateral kindred of the testator. Their bill was filed December 21, 1921, by Blaine J. Brickwood, of Chicago, whose name does not appear on the roll of attorneys in this court, and who is, according to the statement of counsel now appearing for plaintiffs in error, the same person disbarred by this court December 6, 1918, for unprofessional conduct. When the bill was filed the name of Charles S. Deneen was signed to it as solicitor for complainants. According to an affidavit filed in the circuit court of Peoria county, Deneen was never employed by complainants nor by anyone acting in their behalf. Brickwood arranged with the firm of Dailey, Miller, McCormick & Radley, of Peoria, to represent complainants, and they appeared in the circuit court in September, 1922, to resist a demurrer filed to the bill. The demurrer was overruled, answers were filed, and the cause was set for trial October 6. It remained on the call until it was dismissed, November 22, 1922. November 18 Brickwood received a letter from the Peoria firm notifying him that the case would be called for trial Monday, November 20. He wired them to arrange for a continuance, and they replied by wire that he must be in court Tuesday morning and take charge of the case because they would have nothing further to do with it. Brickwood wrote a letter to the presiding judge advising him that he was engaged in a matter pending in the Knox county circuit court and could not appear in court Tuesday morning, and asked the judge to continue the case until he could employ counsel to represent complainants. No motion for continuance, supported by affidavit, was presented to the court, and no showing that the bill was filed in good faith or that the suit would be diligently prosecuted was made. Why reputable Peoria attorneys would not prosecute the suit does not appear from the record. The trial court, with all the facts before it, dismissed the case. In his affidavit in support of his motion

to vacate the order dismissing the suit Brickwood states that he consulted Charles S. Deneen, of Chicago, and Dailey, Miller, McCormick & Radley, of Peoria, with a view to arranging with them to try this case for complainants, but he does not state that he employed these attorneys or that he had authority to attach Deneen's name to the bill. He asserts that complainants have a just and meritorious cause of action and that they have expended a large sum of money in accumulating evidence to sustain the allegations of their bill, but he does not state to whom any of this money was paid. He states that he has, as agent of complainants, employed a reputable member of the Peoria bar to represent complainants in the trial of the cause, but he does not give the name of this attorney. Strange to say, the only person complaining to the circuit court of its action in dismissing this bill was Brickwood. No member of the bar urged the circuit court to re-instate the case, and none of the complainants ever, directly or indirectly, advised the circuit court that Brickwood ever had any authority to file this bill or that they have any objection to its dismissal. The bill alleges that five of the complainants reside in Peoria county, two in Fulton county and two in Cook county. As far as this record shows all of them are adults, and if they have a meritorious cause it is strange that they did not employ a reputable attorney to present their cause in the circuit court. Nothing appears of record that explains their acting through Brickwood as agent. The matter before us for review is the action of the circuit court, and the fact that complainants are now represented by reputable attorneys does not change the record made in the trial court.

The circuit court properly dismissed the bill for want of prosecution and did not abuse its discretion in refusing to set aside the order of dismissal.   *Judgment affirmed.*